UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------X

Gary Murphy

                              **Plaintiff**

-against-

United Collection Bureau, Inc.

                              **Defendant**

----------------------------------------X

FILED
U.S. IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 22 2010 ★
LONG ISLAND OFFICE

Docket No.
CV-10 5432

COMPLAINT AND DEMAND FOR JURY TRIAL

Unlawful Debt Collection Practices

**TRIAL BY JURY DEMANDED**

SEYBERT, J.
LINDSAY, M.

Plaintiffs, by their attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

## I. INTRODUCTION

1. The Defendant debt collector violated the Plaintiffs' right to privacy in an attempt to collect a debt that Defendant did not even owe. The Defendant made such calls notwithstanding Plaintiff's request for the Defendant to cease calling.

2. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq..

      3.      According to 15 U.S.C. 1692:

(a)    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d) Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d). Venue in this District is proper in that the Defendant transacts business here; the Defendant is located here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

5. Plaintiff, Gary Murphy is a natural person residing in SUFFOLK County, New York.

7. Defendant, United Collection Bureau, Inc. is a foreign corporation registered to do business in New York. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10. Defendant alleges that a people named Edward Laurisen and Caroline Laurisen owes a debt (the Laurisens).

11. On or about August 6, 2009, Defendant telephoned Plaintiff and left a message on Plaintiff's answering machine. The message that the Defendant left for the Plaintiff did not meaningfully identify the Defendant. The message purposely secreted the Defendant's identity, and the nature of the call, in an attempt to have the Plaintiff return the Defendant's message. The message left for the Plaintiff requested that the Plaintiff deliver a message to the Laurensens that they needed to call the Defendant.

12. In response to the first message from Defendant, Plaintiff telephoned Defendant and spoke to a representative of Defendant. Defendant informed Plaintiff that Defendant was seeking relating to the collection of a debt and sought information about the Laurensens. Plaintiff informed Defendant that the Laurensens could not be reached at that number, and requested that Defendant not telephone the Plaintiff's telephone any longer. The Plaintiff also informed Defendant that he would not deliver any messages to the Laurensens.

12. On August 13, 2010 notwithstanding Plaintiff's request, Defendant again telephoned the Plaintiff's number, and left a message on Plaintiff's answering machine. Again the message failed to meaningfully identify the Defendant. Plaintiff again telephoned the Defendant and again directed the Defendant not to telephone his residence. The Defendant denied to Plaintiff that they called.

## V. CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

14. Defendant's actions as described herein violated the FDCPA. Defendant's violations include but are not limited to the following:

   A. Defendants' violated 15 U.S.C. Section 1692 d;

   B. Defendants' violated 15 U.S.C. Section 1692 d (5);

   C. Defendants' violated 15 U.S.C. Section 1692d(6);

   D. Defendants' violated 15 U.S.C. Section 1692b(1); and

   F. Defendants' violated 15 U.S.C. Section 1692b(3).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

   1. Actual damages pursuant to the FDCPA,

   2. Statutory damages pursuant to the FDCPA;

   3. Costs and reasonable attorney's fees pursuant to the FDCPA;

   4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

The Law Office of Joseph Mauro, LLC
Joseph Mauro (JM 8295)
306 McCall Ave.
West Islip, NY 11795

## DEMAND FOR JURY TRIAL

Please take notice that plaintiffs demand trial by jury in this action.

_____
Attorney for Plaintiff